# Levy *v.* Bloch & Co.

*Action for Breach of Written Contract.*

1. *Agreement for substitution of notes; promise to one person, enuring to benefit of another.*—Where defendant was in possession of rented premises, holding over, and desiring to continue in possession, though the premises had been rented to K., and he had given his note for the rent; and thereupon a written agreement was entered into between them, which was also signed by the landlord, and by which defendant promised to "take up and substitute" his own note for that of K., describing it as "now in the hands" of plaintiff, to whom it had been assigned, and to release K. "from all claims on this account;" *held*, that the promise was in effect to pay the rent to plaintiff, and to give his note as evidence of the debt, payable to plaintiff, and not to the landlord, against whom defendant claimed a set-off; and that plaintiff, having surrendered the note of K., might maintain an action for defendant's refusal to give his own note in lieu of it.

[Levy v. Bloch & Co.]

APPEAL from the City Court of Selma.

Tried before the Hon. JONA. HARALSON.

This action was brought by Isaac Bloch, "doing business under the firm name of I. Bloch & Co.," against J. L. Levy. The complaint contained the common count on an account stated, claiming $290, and a special count claiming that sum, in these words: "For that whereas, in the latter part of the year 1886, Blunt & Marshall rented a certain store-house, together with certain land, at Massillon in Dallas county, to T. F. Kendrick & Bro., for the year 1887, and took their promissory note for $290, payable on or before the 1st October, 1887, for the rent thereof, and afterwards transferred said notes for valuable consideration, to plaintiff; and whereas, after said note had been so transferred to plaintiff, to-wit, about January or February, 1887, it was mutually agreed and understood by and between said Blunt & Marshall, T. F. Kendrick & Bro., and said defendant, that said Kendrick & Bro. should surrender said store-house and land for their said term, to said defendant, and that defendant should substitute his promissory note for their said note, and pay said note for said premises when the same should fall due; and whereas, after said agreement was understood by and between said parties thereto, to-wit, about January or February, 1887, and while plaintiff held said note of Kendrick & Bro., said defendant requested him to surrender said note to said Kendrick & Bro., and then and there, in consideration of such surrender, promised plaintiff to substitute for said note his own promissory note for $290, payable on October 1st, 1887, and to deliver the same to plaintiff when the same should fall due; and whereas, a few days afterwards, in accordance with said request of said defendant, plaintiff surrendered to said Kendrick & Bro. their promissory note; and whereas, defendant has refused to substitute his promissory note for said note of Kendrick & Bro., and to pay plaintiff said rent for said premises, though often requested so to do; therefore plaintiff says that he is injured, and has sustained damage to the amount of $290, with interest," &c.

The defendant pleaded the general issue, and several special pleas, in substance as follows: 1st, that Blunt & Marshall, the landlords, or owners of the rented premises, deprived him of the possession of a part of the premises during the term, and thereby the consideration of his promise partly failed; 2d, that Blunt & Marshall were indebted to him in a large sum, which he claimed as a set-off; 3d, that his promise

[Levy v. Bloch & Co.]

was to give his note to said Blunt & Marshall, or payable to them, and he had tendered such a note, but plaintiff refused to receive it. The case was submitted to the court without a jury, and the court rendered judgment for the plaintiff; to which the defendant excepted. The rights of the parties, as developed on the trial, depended mainly on the construction of a written contract, which was offered in evidence by the plaintiff, and to which were affixed the names of T. F. Kendrick, T. F. Kendrick & Bro., J. L. Levy, and Blunt & Marshall. The opinion states the facts connected with the execution of this agreement, which was in the following words:

"This agreement between T. F. Kendrick and J. L. Levy witnesseth, that whereas certain disputes have arisen between us at Masillon, Dallas county, in reference to the rent of the store on the Spurlin tract of land, and the mill on the same tract, and all other matters of dispute or discussion between us, and between me, the said J. L. Levy, and T. F. Kendrick & Co., and T. F. Kendrick & Bro.; now therefore, for and in consideration of the sum of $25 to me in hand paid by the said J. L. Levy, to me, T. F. Kendrick, for myself, and for myself and brother, Walter Kendrick, of the firm of Kendrick & Bro., and for T. F. Kendrick & Bro., I and he and we do hereby release all claims and demands arising to us under any lease or renting of said Spurlin lands, or any portion thereof, including said store-house, mill and other houses on said tract, from Blunt & Marshall or otherwise, as well as all claims for damages, and in every other respect. And I, the said J. L. Levy, do hereby agree to take up and substitute my note for the note of T. F. Kendrick & Bro. to Blunt & Marshall, for rent of said Spurlin lands, for $290, now in the hands of I. Bloch & Co., and to release the said Kendrick & Bro. from all claims on this account, and on all other accounts, and all claims for damages at law or in equity, and in every other respect, up to date. And I, T. F. Kendrick, also surrender the note of Blunt & Marshall to me, and take back premises. This is intended to close up finally all claims, demands and causes of action or disputes between us, or any and all of us, about any and all matters up to date; and all claims against Blunt & Marshall, of every character and description, are hereby relinquished."

The judgment of the court is assigned as error.

S. W. JOHN, for appellant.

[Levy v. Bloch & Co.]

SATTERFIELD & YOUNG, *contra.*

STONE, C. J.—In January, 1887, the parties to the transactions which gave rise to the present suit, entered into an agreement of compromise and settlement. That agreement was in writing, and signed by T. F. Kendrick, T. F. Kendrick & Bro., J. L. Levy, and Blunt & Marshall. The agreement, though without date, is proved to have been executed about the middle of January, 1887. It is also proved that Bloch, though not a subscribing party to the agreement, knew of its preparation and terms, and assented to the provisions which affected his interests, and agreed to carry them into effect, so far as he was concerned. There is no material contrariety of testimony, as to the foregoing propositions. The real controversy is as to the nature of the promise made by Levy for the benefit of Bloch.

In November, 1886, Blunt & Marshall, as landlords, had agreed to let to Kendrick & Bro., for the year 1887, a storehouse with some adjacent lands, and, as rent therefor, had taken the note of Kendrick & Bro., payable to themselves in October, 1887, for the sum of two hundred and ninety dollars. This note had been placed by Blunt & Marshall in the hands of Bloch, as collateral security for a debt they owed him, and Levy had knowledge that it had been so placed. Levy was in possession of the store, was holding over, and desired to retain possession for the year 1887. The controversy arising out of these conflicting interests and claims led to and ended in the agreement and compromise stated above. Levy agreed to pay, and did pay, to Kendrick & Bro. twenty-five dollars in money, to substitute his note for the rent note of Kendrick & Bro. then held by Bloch, and to secure the note of Kendrick & Bro. to be surrendered to them. This last stipulation rendered it necessary to procure Bloch's assent to, and co-operation in the compromise and substitution of Levy as tenant, in the place of Kendrick & Bro. Bloch did agree to the arrangement, agreed to accept Levy's note in place of the note of Kendrick & Bro., and to surrender the note of the latter to be cancelled. He did surrender the note, and the present suit is brought by Bloch to enforce Levy's promise. It is unnecessary to state further the terms of the agreement, as a copy of it in the reporter's statement of facts will furnish full information of its contents.

It is contended for appellant, Levy, that the legal effect of his promise to give his own note in place of that of Ken-

[Levy v. Bloch & Co.]

drick & Bro., was to require him to give a note imposing on himself only the legal liabilities which the note of Kendrick & Bro. had imposed on them; and that a note executed by him, payable to Blunt & Marshall, would be a full compliance with the promise. He testified that he had offered to give such note to Bloch, and that Bloch refused to accept it. And, relying on this interpretation of his promise, he claimed a set-off in the court below of a debt or legal liability which he alleged Blunt & Marshall owed him. Would this be a substitution for the note of Kendrick & Bro., which he had procured to be surrendered by Bloch, of his own substituted note, having the legal attributes of the note surrendered? To a suit on the note of Kendrick & Bro., it is manifest that a debt due from Blunt & Marshall to Levy could not be pleaded as a set-off; and Bloch, in a suit on the original note, would have been entitled to a recovery, no matter how much Blunt & Marshall may have been indebted to Levy. Can an interpretation of the agreement be just or reasonable, which would secure to Levy so great an advantage over any right Kendrick & Bro. could have claimed, and subject Bloch to a cross recovery, which, in the absence of the agreed substitution, no one could claim?

The true interpretation of the agreement of compromise is, that in consideration that Bloch would restore to Kendrick & Bro. their rent note which he held, and discharge them from all liability to him, he, Levy, would pay Bloch the amount they owed him, and that he would give Bloch his note, as evidence of the debt. Bloch complied with his part of the agreement, and surrendered the note of Kendrick & Bro. This was a valid and sufficient consideration to uphold Levy's promise, as an original undertaking and debt. *Rutledge v. Townsend*, 38 Ala. 706; *Dunbar v. Smith*, 76 Ala. 490. And we may add, that the interpretation we have placed on the written agreement carries into effect the real intention and contract of the parties, as proved by a decided preponderance of the testimony.

It is objected for appellant, that Bloch demanded of him a note different from the note of Kendrick & Bro. in two respects: namely, in making it payable in bank, and at a different time. Each of these changes justified Levy in refusing to execute the note tendered. But Levy put himself in the wrong, when he refused to give any note, unless it was made payable to Blunt & Marshall. This refusal rendered it unnecessary for Bloch to tender any other note,

[Levy v. Bloch & Co.]

even if such tender were held to be a necessary pre-requisite to his right to sue. We need not and do not decide that it was necessary.

There is no material variance between the allegations and proof, and the judgment of the City Court is affirmed.